**Johnny LOPEZ, Appellant**

v.

**U.S. DEPARTMENT OF JUSTICE; Peter T. Dalleo.**

**No. 06–2409.**

United States Court of Appeals, Third Circuit.

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6 March 15, 2007.

Filed: April 25, 2007.

Johnny Lopez, Smyrna, DE, pro se.

Douglas E. McCann, Office of United States Attorney, Wilmington, DE, for U.S. Department of Justice, Peter T. Dalleo.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Johnny Lopez appeals from the District Court's April 11, 2006 order denying his motion for leave to proceed *in forma pauperis.* We have jurisdiction pursuant to 28 U.S.C. § 1291, and review issues of statutory construction *de novo. See Abdul–Akbar v. McKelvie,* 239 F.3d 307, 311 (3d Cir.2001). We will summarily vacate the District Court's order and remand for further proceedings.

The District Court denied Lopez's motion on the grounds that he had "three strikes" under 28 U.S.C. § 1915(g) and had not alleged that he was in "imminent danger of serious physical injury" at the time he filed his complaint. One of the "strikes" on which the District Court relied, however, was the dismissal of a complaint that was then on appeal in this Court. *See Lopez v. Howard,* D. Del. Civ. No. 06–cv–00107, C.A. No. 06–2361. A dismissal does not qualify as a "strike" for § 1915(g) purposes unless and until a litigant has exhausted or waived his or her appellate rights. *See Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir.1999); *Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir. 1996). Lopez thus had only two "strikes" when the District Court denied his motion,

219

and the District Court erred in requiring him to demonstrate that he was under imminent danger of serious physical injury before proceeding *in forma pauperis* at that time. *See* 28 U.S.C. § 1915(g).

The fact that the Court has since affirmed the dismissal in *Lopez v. Howard*, —— Fed.Appx. ——, 2007 WL 708989 (3d Cir.2007), does not change that result. By its terms, § 1915(g) governs only the circumstances under which a prisoner may "bring" a civil action *in forma pauperis,* which means that its impact must be assessed at the time a prisoner files his or her complaint. *See Abdul–Akbar,* 239 F.3d at 313; *Gibbs v. Ryan,* 160 F.3d 160, 162–63 (3d Cir.1998). Thus, only the strikes actually earned up to that time are relevant. The statute does not authorize courts to revoke *in forma pauperis* status if a prisoner later earns a third strike. *See Gibbs,* 160 F.3d at 163 (explaining that Congress "limited the 'three strikes' provision to an inmate's ability to 'bring' an action. Congress could have tied the 'three strikes' bar to an inmate's ability to *maintain* an action. It did not do so.").

Accordingly, we will summarily vacate the District Court's order and direct the District Court to evaluate Lopez's motion for leave to proceed *in forma pauperis* in light of this opinion. *See* 3d Cir. LAR 27.4 (1997); 3d Cir. IOP 10.6.